UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE DAVID ALVAREZ,<br><br>Petitioner,<br><br>v.<br><br>RAYMOND MADDEN,<br><br>Respondent. | No. 1:17-cv-00546-DAD-JLT (HC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 44) |

Petitioner is a state prisoner proceeding *pro se* and *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 7, 2018, the court issued an order denying the petition on the merits. (Doc. No. 42.) On June 25, 2018, petitioner moved for rehearing pursuant to Federal Rule of Appellate Procedure 40(a) in this court. (Doc. No. 44.) Rule 40(a) is inapplicable here since the Federal Rules of Appellate Procedure govern procedure in the federal courts of appeals. Petitioner appears to be requesting reconsideration of the court's order denying his petition for federal habeas relief. Therefore, the court will construe the motion as one for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). To the extent petitioner wishes to seek appellate review of this court's decision, he must file a notice of appeal (*see* Federal Rule of Appellate Procedure 4(a)(1) and seek review by the Ninth Circuit Court of Appeals.

/////

1

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, petitioner fails to meet the requirements for granting a motion for reconsideration. Petitioner has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and he has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the court's Local Rules, petitioner has not shown "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Rather than make the required showing, petitioner attempts to raise a new claim, alleging that the testimony of the victim at his trial violated his Fifth Amendment right against double jeopardy. (Doc. No. 44 at 2–3.) A motion for reconsideration is not the proper place to raise new and additional claims. The instant action has been concluded in this court; therefore, petitioner must instead file a second or successive petition if he wishes to present a new claim for federal

habeas relief.  However, petition is forewarned that the district court is without jurisdiction to act on a second or successive petition without petitioner having previously obtained authorization to commence such action from the court of appeal.  *See* 28 U.S.C. § 2244(b)(3)(A).  Moreover, any new claim presented in a second or successive petition would be subject to dismissal unless the petitioner is able to show that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence.  *See* 28 U.S.C. § 2244(b)(2).  In this case, the petitioner does not cite a new rule of constitutional law, or raise facts that could not have been previously discovered through the exercise of due diligence.  Rather, the new claim relies on the same double jeopardy principles raised in petitioner's other claims concerning other witnesses who testified at his trial.  Petitioner's motion for reconsideration (Doc. No. 44) will therefore be denied.

IT IS SO ORDERED.

Dated:  **October 17, 2018**

UNITED STATES DISTRICT JUDGE